```
                                                               CLERK'S OFFICE U.S. DIST. COURT
                                                                    AT LYNCHBURG, VA
                                                                          FILED
         IN THE UNITED STATES DISTRICT COURT                        JUL 2 6 2005
         FOR THE WESTERN DISTRICT OF VIRGINIA                  JOHN F. CORCORAN, CLERK
                    LYNCHBURG DIVISION                         BY: /s/
                                                                   DEPUTY CLERK
```

| | |
|---|---|
| ROBERT U. PAULEY,<br><br>                                 *Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTER,<br><br>                                 *Defendant.* | CIVIL ACTION NO. 6:05-CV-00026<br><br><br>ORDER AND OPINION<br><br><br>JUDGE NORMAN K. MOON |

      The Court is in receipt of Defendant's Notice of Removal, filed on July 15, 2005. Defendant asserts that he is entitled to removal under 28 U.S.C. § 1441 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a), but he has not properly demonstrated that this Court has diversity jurisdiction. The burden to demonstrate the propriety of removal is on the party seeking to invoke jurisdiction. 28 U.S.C. § 1446(a) (1994).

      Defendant has failed to allege the citizenship of Plaintiff, Robert U. Pauley. Diverse citizenship, not residency, is required in order to properly allege subject matter jurisdiction based on diversity. 28 U.S.C. § 1332(a) (1993); *see Gambelli v. United States*, 904 F. Supp. 494, 496 (E.D. Va. 1995). Therefore, Defendant's allegation that "Mr. Pauley is a resident of Bedford County, Virginia" is insufficient for the purpose of determining diversity jurisdiction. Defendant must allege the citizenship, not the residence, of Plaintiff in order to properly establish diversity jurisdiction.

Defendant also has failed to allege the existence of diversity at the time the action commenced and at the time the Defendant filed the Notice of Removal. Defendant has merely alleged that diversity exists without temporal specificity. For removal purposes, diversity must exist both at the time that the action commences and at the time that the defendant files a notice of removal. *See, e.g., Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994). Therefore, in a notice of removal, the defendant must allege the existence of diversity jurisdiction at both of these instances. *See Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985); *Western Reserve Life Assur. Co. of Ohio*, 570 F. Supp. 8, 10 (M.D. Tenn. 1983).

Defendant has failed to properly allege any basis upon which this Court has jurisdiction. Accordingly, Defendant is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended Notice of Removal that establishes federal subject matter jurisdiction by properly alleging the citizenship of Plaintiff and by properly alleging the propriety of removal during the relevant times will be deemed responsive to this Order.

It is so ORDERED. The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *[signature]*
U.S. District Judge

Date: July 26, 2005