CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 0 1 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Fay Collins
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ROBERT U. PAULEY,

    *Plaintiff,*

v.

LOWE'S HOME CENTERS, INC.,

    *Defendant.*

CIVIL ACTION No. 6:05-CV-00026

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Before the Court is Plaintiff's Motion to Remand. For the reasons set forth below, the Court will deny the Motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Robert Pauley ("Pauley") filed this case on February 23, 2005, in the Circuit Court of the City of Lynchburg. In his Motion for Judgment, Plaintiff pled that he was "an individual residing in the county of Bedford, Virginia," (Mot. for J., § 1) and sought compensatory damages in the amount of $500,000 against the incorrectly named defendant "Lowe's of Virginia, Inc., t/a Lowe's of Lynchburg, VA." The actual defendant, Lowe's Home Centers, Inc. ("Lowe's") received service of process on June 14, 2005. On June 29, 2005, Lowe's filed defensive pleadings which included a Motion to Correct Misnomer. Then, on July 15, 2005, Lowe's filed a Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446 (2005), asserting diversity jurisdiction under 28 U.S.C. §1332 (2005). Plaintiff moves to remand

because Defendant removed the instant case 31 days after receiving the Motion for Judgment.

## DISCUSSION

Plaintiff contends that Defendant's Notice of Removal was untimely, and therefore the case should be remanded to state court. A Notice of Removal must be filed within 30 days of establishing on paper that there are grounds for removal, and in the instant case, Defendant received the Motion for Judgment 31 days before filing a Notice of Removal. 28 U.S.C. § 1446(b) (2005). The issue is thus whether the Motion for Judgment established grounds for establishing diversity of citizenship. In that Motion, Plaintiff incorrectly named Lowe's as "Lowe's of Virginia, t/a Lowe's of Lynchburg, VA," and averred that he himself was a resident of Bedford County, Virginia.

Pauley argues that Defendant Lowe's knew upon receipt of the Motion for Judgment that naming the defendant "Lowe's of Virginia" was a mistake, and therefore realized at that time that diversity existed. However, the Fourth Circuit has made it clear that courts are not "to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Instead, "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." *Id.* If the pleadings do not state a grounds for removal on their face, defendants have 30 days from when grounds for removal is disclosed in an amended pleading or other paper to file a Notice of Removal. *Id.* In this case, the facts which would have provided grounds for removal were not revealed in the initial Motion for Judgment, because of Plaintiff's mistake in naming "Lowe's of Virginia" as the defendant. As *Lovern* dictates, the Court will not inquire into whether Lowe's had subjective knowledge of diversity when the company received the pleadings. Instead, Lowe's had 30 days to remove the

case once the papers showed grounds for removal; in this case, such grounds were not apparent until the Motion to Correct Misnomer was filed on July 29, 2005.

Moreover, Plaintiff's Motion to Remand could not succeed even if the pleadings had demonstrated that Lowe's was the correct defendant. Plaintiff pled that he was a resident of Virginia, but residency does not constitute citizenship for the purposes of diversity jurisdiction. *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905); *Wolfe v. Hartford Life & Annuity Insurance Co.,* 148 U.S. 389 (1893); *Mantin v. Broadcast Music, Inc.,* 244 F.2d 204, 206 (9th Cir. 2001); *Leveraged Admin. Corp., v. Pacificorp Capital, Inc.* 87 F.3d 44, 46 (2d Cir. 1996); *see also Mas v. Perry,* 489 F.2d 1396 (5th Cir. 1974); *Guerrino v. Ohio Cas. Ins. Co.,* 423 F.2d 419, 421 (3rd Cir. 1970). Therefore, Lowe's could not have relied on the pleadings to establish Plaintiff's citizenship in Virginia. Indeed, after the Notice of Removal was filed, this Court ordered Defendant to show cause why the case should not be remanded, as Pauley's citizenship was not apparent from the Motion for Judgment.

## CONCLUSION

Because Plaintiff's Motion for Judgment did not reveal grounds for diversity jurisdiction, the Notice of Removal was timely, and the Motion to Remand shall be denied. An appropriate Order shall issue this day.

ENTERED: *[signature]*
United States District Judge

9-1-05
Date